

# Fourth Court of Appeals
## San Antonio, Texas

May 8, 2019

Nos. 04-18-00764-CR, 04-18-00765-CR, 04-18-00774-CR, 04-18-00775-CR, 04-18-00777-CR,
04-18-00778-CR, 04-18-00779-CR, 04-18-00780-CR, 04-18-00781-CR, 04-18-00782-CR,
04-18-00783-CR, 04-18-00784-CR, 04-18-00785-CR, 04-18-00786-CR, 04-18-00787-CR,
04-18-00788-CR, 04-18-00789-CR, 04-18-00790-CR, 04-18-00791-CR, 04-18-00792-CR,
04-18-00794-CR, & 04-18-00795-CR

The **STATE** of Texas,
Appellant

v.

Mark Anthony **GONZALEZ**, Agustin Perez, Jr., Gabriel Rene Perez, Jeremias Aguilar, Jr.,
Martin M. Rios, Jr., Steven Negrete, Fernando Jefte Mata, Eloy Canales Romo, Francisco
Antonio Rodriguez, Raymond Ryan Robinson, Winston Robert Modisette, Courtney Marie
Seilhammer, and Ahmed Mamuth
Appellees

From the County Court, Kinney County, Texas
Trial Court Nos. 10041CR, 10056CR, 10122CR, 10134CR, 9711CR, 9712CR, 9892CR,
10123CR, 10054CR, 10138CR, 10187CR, 9964CR, 10185CR, 10047CR, 10074CR,
10115CR, 10116CR, 10117CR, 10118CR, 10125CR, 10195CR, 10196CR
Honorable Spencer W. Brown, Judge Presiding

# O R D E R

On October 22, 2018, the State filed a notice of appeal seeking to appeal an order entitled "Order on Motion to Recuse and Jeopardy Motion for Dismissal" entered in each of the underlying causes. The notice of appeal stated it was being filed pursuant to articles 44.01(a)(1) and (4) of the Texas Code of Criminal Procedure which authorizes an appeal by the state of an order dismissing an indictment, information, or complaint or an order sustaining a claim of former jeopardy. TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1), (4). The order in each of the underlying causes stated, "It is Ordered, Adjudged and Decreed that the Motion to Recusal is DENIED and the verbal Jeopardy Motion is GRANTED." Therefore, because the order appeared to grant a jeopardy motion for dismissal, this court appeared to have jurisdiction to consider the appeals.

In an order dated December 21, 2018, this court noted its interpretation of the trial court's order, stating, "the State also seeks to appeal the dismissal of the underlying causes through an

order sustaining a claim of jeopardy." The State's brief contained language consistent with this court's interpretation of the trial court's order. For example, the State's brief stated, "a trial judge is without jurisdiction to dismiss a criminal case as a sanction," and "the law and the record do not support the sanctions and dismissal orders entered in this case."

Kinney County's reply brief, however, questioned this court's jurisdiction to consider these appeals, asserting "While this Court has limited jurisdiction to hear this matter as a petition for mandamus relief, the Court does not have jurisdiction to hear this matter on appeal under the cited provisions of the Code of Criminal Procedure as there has not been a final order issued in the currently pending criminal cases." The brief further asserts the order the State seeks to appeal "does not dismiss the pending criminal case in any of the above captioned cases." Although the brief concedes "there may be ambiguity as to what Judge Brown meant in his written order . . . no order dismissing the case on a claim of jeopardy has issued."

Because it appears the underlying causes have not been dismissed, the State is ORDERED to show cause in writing no later than two weeks from the date of this order why these appeals should not be dismissed for lack of jurisdiction. *See* TEX. R. CIV. P. 18a(j)(1)(A) (providing order denying motion to recuse may be reviewed only on appeal from the final judgment); *Muhammad v. State*, No. 08-18-00125-CR, 2018 WL 3751742, at *1 (Tex. App.—El Paso Aug. 8, 2018, no pet.) (quoting TEX. R. CIV. P. 18a(j)(2) which provides an order 'denying a motion to disqualify may be reviewed by mandamus and may be appealed in accordance with other law' but stating no 'other law' allows an interlocutory appeal of an order denying a motion to disqualify in a criminal case) (not designated for publication); *Hranicky v. State*, No. 01-11-00557-CR, 2013 WL 1804495, at *1 (Tex. App.—Houston [1st Dist.] Apr. 30, 2013, pet. ref'd) (rejecting argument that court had jurisdiction to consider appeal that involved the denial of a motion to disqualify a trial judge on due process grounds) (not designated for publication).

_Sandee Bryan Marion_
Sandee Bryan Marion, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 8th day of May, 2019.

_Keith E. Hottle_
KEITH E. HOTTLE,
Clerk of Court